UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FLECIA MARTIN,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>HONG NI, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. C17-1414JLR<br><br>ORDER DISMISSING ACTION UNDER 28 U.S.C. § 1915(E)(2)(B) |

## I.　INTRODUCTION

Before the court are *pro se* Plaintiff Flecia Martin's complaint against various defendants (Compl. (Dkt. # 1-1)) and Magistrate Judge Mary Alice Theiler's order granting Ms. Martin's request for *in forma pauperis* ("IFP") status and recommending that the court review Ms. Martin's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 2)). Under 28 U.S.C. § 1915(e), district courts have the authority to review IFP complaints and must dismiss them if the court determines that a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners). Upon dismissal, a court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Having conducted the recommended review, the court concludes that Ms. Martin's complaint is frivolous. Accordingly, the court DISMISSES the complaint without leave to amend.

## II. BACKGROUND

Ms. Martin, a resident at the Breawood condominium complex in Bothell, Washington, brings claims against Hong Ni and Haowen Ni, her landlords; Kappes Miller Management ("Kappes Miller"),[1] the company managing Breawood; and Washington Alarm,[2] a company that performed services in her home (collectively, "Defendants"). (Compl. at 2, 4-5.) Ms. Martin alleges that between December 21, 2016, and August 1, 2017, Defendants "purposely and unlawfully poisoned [her] in a[n] effort to kill her because she is African-American, elderly, and bi-sexual." (*Id.* at 4-5.) In

---

[1] The complaint specifically names Courtney Babcock, a Kappes Miller employee, as a defendant, rather than the company itself. (Compl. at 2.) However, the rest of the complaint does not specify whether Ms. Martin seeks to hold Ms. Babcock personally liable, if she seeks to hold Kappes Miller vicariously liable for Ms. Babcock's actions, or if she seeks to hold them jointly and severally liable. (*See generally id.*) For simplicity's sake, and because it has no bearing on the court's decision, the court refers only to Kappes Miller as a named defendant.

[2] The complaint also names Hilary Lawton, a Washington Alarm employee, as a defendant, rather than the company itself. (Compl. at 2.) As with Ms. Babcock and for the same reasons, the court refers only to Washington Alarm as a named defendant.

addition, she claims that her landlords wanted "to kill her and live in [her condominium] happily ever after." (*Id.* at 5.) She claims that Defendants "released harmful drugs and/or gases through the bathroom ceiling fan . . . [e]very night from December 21, 2016[,] through August 1, 2017." (*Id.* at 4.) In addition, Defendants allegedly implanted three devices in her wall "that send off harmful levels of radiation." (*Id.*) Ms. Martin also claims Defendants "placed surveillance camera[s] in the condo and watched as [she] became forgetful, disoriented, and weak enough to fall dead." (*Id.*) If she left her condominium "for relief," then "she was poisoned with drones flying overhead." (*Id.*) She also alleges that Defendants harassed her with noise complaints and various slurs based on her race, age, and sexual orientation. (*Id.* at 4-5.)

This conduct, Ms. Martin alleges, caused her to suffer numerous maladies, including brain damage, breathing difficulties, disorientation, confusion, fear, depression, and an increased risk of various cancers. (*Id.* at 4.) As a result, Ms. Martin filed the instant complaint against Defendants. (*See generally id.*) She seeks damages of at least $75,000,000.00 and requests a court order granting her ownership of the condominium unit she rents. (*See id.* at 5.)

On September 19, 2017, Ms. Martin filed a motion to proceed IFP (IFP Mot. (Dkt. # 1)) and a complaint alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and Title II of the Civil Rights Act of 1964 (the "Civil Rights Act"), 42 U.S.C. § 2000a-1 (Compl. at 3). Judge Theiler granted the IFP motion and referred Ms. Martin's complaint for review. (*See* IFP Order at 1; Compl.) The court now considers the complaint.

## III. ANALYSIS

Because Ms. Martin is proceeding *pro se*, the court construes her pleadings liberally. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("This rule . . . demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against [*pro se* litigants]."). Ms. Martin explicitly alleges violations of the ADA and Title II of the Civil Rights Act in her complaint. (Compl. at 3.) Construed liberally, the court also reads the complaint to allege violations of Title VI of the Civil Rights Act, 42 U.S.C. § 2000d; the Age Discrimination Act, 42 U.S.C. § 6101; and the Fair Housing Act ("FHA"), 42 U.S.C. § 3601. (*See generally id.*)

The court reviews these allegations pursuant to 28 U.S.C § 1915(e) and must dismiss them if they are frivolous. 28 U.S.C. § 1915(e). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A frivolous claim may be "based on an indisputably meritless legal theory" or "describe fantastic or delusional scenarios." *Id.* at 327-28. To this end, § 1915(e) gives the court the power "to dismiss those claims whose factual contentions are clearly baseless." *Id.* at 328. Although the court liberally construes the complaint, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Ms. Martin's claims all rely on "fantastic" allegations and facts not pled, the court dismisses her complaint as frivolous.

//

//

The heart of Ms. Martin's complaint is that Defendants—due to her race, age, and sexual orientation—attempted to deprive her of her condominium by releasing "harmful drugs and/or gases through the bathroom ceiling fan" and by implanting "three devices [] in the wall that send off harmful levels of radiation." (Compl. at 4-5.) Ms. Martin also claims that when she went "outside for relief[,] she was poisoned with drones flying overhead and became even sicker." (*Id.* at 4.) These allegations "describe fantastic or delusional scenarios," and fit squarely within the § 1915 requirement that courts "dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327-28. For the foregoing reasons, the court dismisses Ms. Martin's complaint as frivolous.

Ms. Martin makes some less fantastical allegations—such as frequent harassment by Defendants through unfounded noise complaints and slurs based on her race, sexual orientation, and age—but those actions themselves do not give rise to liability under the civil rights statutes Ms. Martin's complaint invokes. First, alleged discrimination on the basis of race, sexual orientation, and age cannot give rise to any ADA claim because those characteristics are not cognizable disabilities under the ADA. *See* 42 U.S.C. § 12102(1) (defining "disability" under the ADA). Second, none of the alleged conduct gives rise to a claim under Title II of the Civil Rights Act because Title II applies only to places of public accommodation, and all of the alleged conduct occurred in-and-around Ms. Martin's private residence. *See Wheeler v. Turk*, No. 1:12-cv-00693-LJO-JLT, 2012 WL 4674133, at *2 (E.D. Cal. Oct. 2, 2012) (dismissing complaint alleging Title II violations where the alleged discrimination occurred only at the plaintiff's private

residence); (Compl. at 1). Third, the harassment alone does not sufficiently allege liability under Title VI of the Civil Rights Act or the Age Discrimination Act because Ms. Martin does not claim that Defendants denied her the benefits of any federal program through their alleged slurs. *See* 42 U.S.C. §§ 2000d, 6102; (*see generally* Compl.).

A court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130. However, a court need not grant leave to amend when a claim is frivolous because "there is, by definition, no merit to the [claim] and so no reason to grant leave to amend." *Id.* at 1127 n.8. Thus, the court denies Ms. Martin leave to amend.

## IV. CONCLUSION

For the foregoing reasons and pursuant to 28 U.S.C. § 1915(e)(2)(B), the court DISMISSES the complaint (Dkt. # 1-1) without leave to amend.

Dated this 3rd day of November, 2017.

JAMES L. ROBART  
United States District Judge